Pursuant to LR 131(a)
please see signature page
for the identification of counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIT RIVER TRIBE; NATIVE COALITION FOR MEDICINE LAKE HIGHLANDS DEFENSE; MOUNT SHASTA BIOREGIONAL ECOLOGY CENTER; and QUALITY ENVIRONMENT,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>BUREAU OF LAND MANAGEMENT; UNITED STATES DEPARTMENT OF THE INTERIOR; CALPINE CORPORATION; and CPN TELEPHONE FLAT, INC.,<br><br>　　　　Defendants. | No. 2:19-CV-02483-JAM-AC<br><br>FEDERAL DEFENDANTS' NOTICE OF MOTION, MOTION FOR PROTECTIVE ORDER AND SCHEDULING ORDER, AND MEMORANDUM IN SUPPORT |

**NOTICE OF FEDERAL DEFENDANTS'
MOTION FOR PROTECTIVE ORDER AND SCHEDULING ORDER**

PLEASE TAKE NOTICE that on June 22, 2021 at 1:30 p.m. in the Robert T. Matsui United States Courthouse, Courtroom # 6, 14th Floor, Judge John A. Mendez presiding (or the Magistrate Judge, pursuant to Local Rule 302 (c)), Defendants Bureau of Land Management and Department of the Interior (Federal Defendants) will, and hereby do, make the following Motion for Protective Order and for Scheduling Order in the above-captioned case.

This motion is made following the conference of counsel pursuant to the Court's standing order which took place on several dates between January 30 and April 21, 2021, by means of electronic mail.

**MOTION FOR PROTECTIVE ORDER AND SCHEDULING ORDER
AND MEMORANDUM IN SUPPORT**

This case involves a challenge under the Administrative Procedure Act (APA), judicial review of which is generally limited to the federal agency's administrative record. Plaintiffs, ignoring the nature of their case, have nonetheless propounded discovery and done so before the administrative record has even been produced, let alone determined to be inadequate for judicial review. Consistent with Ninth Circuit case law, Federal Defendants fundamentally disagree that discovery is appropriate in this APA case and certainly not at this early stage. As recounted in the Declaration of Peter Kryn Dykema, filed contemporaneously with this motion pursuant to Local Rule 251(c) (Declaration), efforts to resolve this disagreement, or to present the disagreement to the Court by means of a Joint Statement Re Discovery Disagreement, have failed. By this motion and memorandum, Federal Defendants respectfully request that the Court issue a Protective Order absolving Federal Defendants of any obligation to respond to Plaintiffs' discovery demands, and set a schedule for the orderly resolution of the case, according to well-established APA procedures and the schedule suggested in the materials that follow.

I.  **FACTUAL BACKGROUND**

While this case has a long and complex background, its present contours are limited. Plaintiffs, the Pit River Tribe and several regional nonprofit organizations with an interest in the Medicine Lake Highlands area, challenge under the APA the continued existence of federal Geothermal Resources Lease No. CA12372, issued by the Bureau of Land Management (BLM) pursuant to its statutory authority under the Geothermal Steam Act (30 U.S.C. §§ 1001-1027), which is currently held by Defendant Calpine Corporation. Plaintiffs also challenge the continuance of the BLM-managed Glass Mountain Unit, within which Calpine operates and exclusively leases. *See*, generally, January 12, 2021 *Order Denying Federal Defendant's Motion to Dismiss and Granting In Part and Denying In Part Calpine's Motion to Dismiss*, ECF No. 79.

Following This Court's rulings on Defendants' motions to dismiss, the parties attempted to agree on a schedule going forward. The schedule proposed by Federal Defendants was as follows:

> May 14, 2021: Federal Defendants produce the administrative record.
>
> June 4, 2021: Plaintiffs and/or Calpine notify Federal Defendants (with copies to all) of their position on whether they believe the administrate record is complete and will provide Federal Defendants with any materials it seeks to have added to the administrative record. The parties agree to work in good faith to resolve any disagreements about the contents of the record.
>
> June 18, 2021: Deadline for any motion challenging the completeness of the administrative record, the applicability of any exceptions to the record review rule (including any motion for discovery), or the need for judicial review of extra-record materials.
>
> In the event a motion as described above is filed, the parties shall submit proposals for further adjudication of the case within fourteen (14) days of the Court's resolution of the motion.
>
> In the event that no motion as described above is filed, the parties propose that the schedule for briefing the merits of the case will be as follows:
>
> July 16, 2021: Plaintiffs' motion for summary judgment and supporting brief due.
>
> August 20, 2021: Federal Defendants' and Calpine's cross-motions for summary judgment and accompanying briefs in support of cross-motion and opposition to Plaintiffs' summary judgment motion due.
>
> September 17, 2021: Plaintiffs' combined reply brief in support of motion for summary judgment and in opposition to Defendants' motions for summary judgment due.
>
> October 8, 2021: Federal Defendants' and Calpine's reply briefs in support of cross-motions for summary judgment due.

Declaration Ex. A at 5-6.

Plaintiffs rejected Defendants' proposed schedule in its entirety. They instead proposed "that all parties make initial Rule 26(a) disclosures" and that "[i]f additional discovery is necessary, Plaintiffs intend to proceed efficiently to propound limited and tailored discovery

requests." "Plaintiffs believe," they added, "that fact discovery can be completed in approximately six months." *Id*. at 4-5.

As recounted in the Declaration that accompanies this motion, the parties exchanged successive drafts of a proposed Joint Status Report in which they laid out their views as to how the case should proceed. Plaintiffs described their reasons for believing discovery was appropriate; defendants explained their view that discovery was inappropriate. Declaration Ex.s A, B, C. Defendants realized that the expanding document, setting out the parties' arguments for their views on this fundamental question, had become a Joint Statement Re Discovery Disagreement under Local Rule 251(c). Defendants' most recent version of the JSR was modified to reflect that perspective. Declaration Ex. C; see also Deposition Ex. D (transmitting email). Plaintiffs thereupon aborted the consultations altogether, asserting that Local Rule 251(c) was inapplicable to the situation, that "Plaintiffs will not join as a signatory to this document," and that "[w]e very strongly disagree with Defendants' position, and as necessary, we will respond with full, detailed case law briefing if and when this issue is presented to the court in a proper motion format." Declaration Ex. E. At the same time, Plaintiffs served Defendants with several discovery demands, including Interrogatories and Requests for Production. Declaration, Ex. F.

## II. ARGUMENT

### A. The Record Review Rule is a Fundamental Limit on Federal Court Power to Review Agency Action

"With a few exceptions . . . judicial review of agency action is limited to a review of the administrative record." *Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986); *see also* 5 U.S.C. § 706 ("In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party . . . ."). As the Supreme Court explained in *Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985), this record review rule is one of the "fundamental principles of judicial review of agency action." 470 U.S. at 743. *See id*.:

> "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

As Judge Nelson emphasized, concurring in *Ramos v. Wolf*, 975 F.3d 872 (9th Cir. 2020), the record review rule is no mere formalism: "It is a fundamental issue, and vitally important to APA review." 975 F.3d at 900. [1] The rule is a limit on the United States' waiver of sovereign immunity in the APA, and therefore "must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires." *Id.*, quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992). "As such," Judge Nelson observed, "the record-review requirement is not just a meaningless procedural hurdle to overcome, but a fundamental constitutional protection to government agency action." 975 F.3d at 900. The record review principle "reflects the recognition that further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided." *Id.* at 900-901 (quoting *Dep't of Com.,* 139 S. Ct. at 2573)). "In other words, the APA's record-review limitation reflects a desire to avoid interfering with the decisionmaking process of a co-equal branch of government." *Id.* at 901; *see also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n. 18 (1977).

### B. The Record Review Rule Fully Applies to APA Section 706(1) Failure to Act Cases

Actions, such as this one, "for review on an administrative record", are exempt from Rule

---

[1] *Ramos* was decided by a three-judge panel. Because Judge Christen dissented, Judge Nelson's concurrence was essential to the Ninth Circuit's decision. And although "[a] concurring opinion, while persuasive, is not binding," *In re Jamuna Real Est., LLC*, 445 B.R. 490, 496 (Bankr. E.D. Pa. 2010) (citing *United States v. Reynard*, 473 F.3d 1008, 1021 (9th Cir.2007)), Judge Nelson's concurrence on these points sets out "settled propositions." *Dep't of Com. v. New York*, --- U.S. ---, 139 S. Ct. 2551, 2573 (2019).

26's initial disclosure requirements. Fed. R. Civ. P. 26(a)(1)(B). And "[t]he general rule is 'that agency actions are to be judged on the agency record alone, without discovery.'" *Jennings v Mukasey*, 511 F.3d 894, 900 (9th Cir. 2007) (quoting *Public Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982).

Plaintiffs' claims are brought under APA Section 706(1), which authorizes the Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. 706(1). The record review rule applies fully in a failure-to-act case under Section 706(1), unless it can be shown that one of the narrow exceptions to the rule applies. *All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1197 (D. Mont. 2019), *appeal dismissed sub nom. All. for the Wild Rockies v. Benson*, No. 19-36001, 2020 WL 3443468 (9th Cir. June 10, 2020). Those exceptions were laid out by the Ninth Circuit in its 2005 *Lands Council* decision:

> We have, however, crafted narrow exceptions to this general rule. In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith." These limited exceptions operate to identify and plug holes in the administrative record.

*The Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal citations omitted).

Plaintiffs (*see* Declaration Ex. B at 4) assert that "the record review rule does not apply to section 706(1) failure-to-act cases." But that is wrong. Normal discovery (and the initial disclosure requirements of Rule 26) are *not* applicable in APA Section 706(1) failure-to-act cases. As plainly stated in *City of Santa Clarita v. U.S. Dep't of Interior*, No. CV 02-0697 DT(FMOX), 2005 WL 2972987, at *1–2 (C.D. Cal. Oct. 31, 2005):

> While Plaintiffs assert that they challenge agency inaction, the record review limitations of the APA still apply. Section 706 of the APA makes clear that the scope of review of both claims under Section 706(1), challenges to agency inaction, and section 706(2), challenges to agency action, is to be based "on the whole record." 5 U.S.C. § 706. Contrary to Plaintiffs' assertions, the Ninth Circuit precedent does not hold that review of a "failure to act" claim is not pursuant to the administrative record.

Plaintiffs (Declaration Ex. B at 4) cite the D.C. District Court decision in *Nat'l Law Ctr. on*

*Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 130 (D.D.C. 2012) in support of the notion that the record review rule does not apply in 706(1) cases. More apt is the recent discussion of the issue by the same court in *Dallas Safari Club v. Bernhardt*, No. 19-CV-03696 (APM), 2021 WL 495078, at *3 (D.D.C. Feb. 9, 2021):

> The better reading of the APA is that its record review requirement "applies [regardless of] whether a court is reviewing agency action or inaction." *Biodiversity Legal Found. v. Norton*, 180 F. Supp. 2d 7, 10 (D.D.C. 2001); *see also Raymond Proffitt Found. v. U.S. Army Corps of Eng'rs*, 128 F. Supp. 2d 762, 768 n.8 (E.D. Pa. 2000) ("Review of claims based on failure to act and on action taken are generally limited to the administrative record."); *Sierra Club v. U.S. Dep't of Energy*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998) ("The judicial review provisions of the APA do not distinguish between a claim that an agency unlawfully failed to act and a claim based on action taken."); *Cross Timbers Concerned Citizens v. Saginaw*, 991 F. Supp. 563, 570 (N.D. Tex. 1997) ("For either [the §§ 706(1) or 706(2)] standard, judicial review must be based on the administrative record already in existence.").

The decision in *Seattle Audubon Soc'y v. Norton*, No. C05-1835L, 2006 WL 1518895, at *3 (W.D. Wash. May 25, 2006) is instructive. *Seattle Audubon v. Norton* was an APA Section 706(1) case[2] where plaintiffs (like Plaintiffs here) sought both initial disclosures and discovery. The court first noted that "[t]he statutory language of § 706(1) is unambiguous: 'In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party....' 5 U.S.C. § 706(1). The 'whole record' language refers to the administrative record." 2006 WL 1518895, at *3 (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)).

(Rule 26 is equally unambiguous in stating that "an action for review on an administrative record" – like an APA Section 706(1) case – is a "Proceeding[] *Exempt from Initial Disclosure*." Fed. R. Civ. P. 26 (a)(1)(B)(i) (emphasis added)).

---

[2] The case was actually a citizen suit brought under the Endangered Species Act, but Judge Lasnik, as is conventional, applied APA principles in defining the scope of review. *See* 2006 WL 1518895, at *2 (citing *Water Keeper Alliance v. Dept. of Defense*, 271 F.3d 21, 31 (1st Cir.2001) and *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963)).

The court in *Seattle Audubon v. Norton* went on to note the four *Lands Council* exceptions to the record review rule, 2006 WL 1518895, at *3, and then observed that "[w]hile plaintiff has identified numerous circumstances where courts have allowed supplementation [of an administrative record] in a 706(1) action, all of the incidents fall within these established categories, and are not manifestations of a precedential preference for unlimited discovery in unreasonable delay actions." *Id*. (citing *San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir.2002) and *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560-61 (9th Cir.2000)).

The *Seattle Audubon* court denied plaintiffs' request for initial disclosures and discovery. "This decision," the court added, "does not preclude the possibility of the use of these [*Lands Council*] exceptions in the instant action. . . . This supplementation, however, is best pursued on a case-by-case basis, using the administrative record as the presumptive limitation of scope." 2006 WL 1518895, at *3.

As noted above, Federal Defendants have proposed a schedule that adheres to this caselaw, establishing a timetable and procedure for resolving any disputes regarding the completeness of the administrative record once that record has been compiled.

Supplementation may in fact go beyond the four strictly limited *Lands Council* exceptions to the record review rule, the *Seattle Audubon* court noted, "because there is a greater chance that some extraneous piece of information might be necessary to shed light on the agency's inaction."). 2006 WL 1518895, at *3. But, as emphasized by the court in *A.A. v. United States Citizenship & Immigr. Servs.*, No. C15-0813JLR, 2018 WL 1811352, at *4 (W.D. Wash. Apr. 17, 2018), the administrative record as compiled by the agency is the starting point.

> Although supplementation is generally more permissible in "failure-to-act" cases, "the focal point for judicial review" should nevertheless be the "administrative record already in existence, not some new record made initially in the reviewing court." *Camp*, 411 U.S. at 142. Thus, there is no "unlimited discovery" in

"failure-to-act" cases, *Seattle Audubon Soc'y*, 2006 WL 1518895, at *3, and the scope of supplementation remains "constrained," *Lands Council*, 395 F.3d at 1030. "Were the federal courts routinely or liberally to admit new evidence ... it would be obvious that the federal courts would be proceeding, in effect, *de novo*." *Id*.

And while failure-to-act APA cases can justify a "broader" "scope of review", that is true only where the *Lands Council* exceptions apply or where there is "little, if any, record to review." *Northcoast Env't Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998) (affirming District Court's order striking extra-record documents submitted by Plaintiffs in NEPA failure-to-act case).

Precisely the same conclusions were reached in *All. for the Wild Rockies v. Marten*, No. CV 16-35-M-DWM, 2016 WL 7174671, at *1–2 (D. Mont. Oct. 3, 2016) ("Failure-to-act claims, however, 'are not manifestations of a precedential preference for unlimited discovery.'. Rather, the Administrative Procedure Act limits courts to considering the documents the agency considered directly or indirectly that fall under a record review exception, merely allowing courts to go beyond the point at which the agency considered the record closed." (quoting *Seattle Audubon v. Norton*, 2006 WL 1518895, at *3)). *See also All. for Wild Rockies*, 412 F. Supp. 3d at 1197 ("While a challenge under § 706(1) allow[s] courts to go beyond the point at which the agency considered the record closed, the APA limits courts to considering the documents the agency considered directly or indirectly that fall under a record review exception" (citation and internal quotation marks omitted)).

As noted at pages 2-3 above, Defendants have proposed a date for the production of the administrative record, a method of resolving any disputes concerning the sufficiency of that record, and a proposed briefing schedule for the parties' cross-motions for summary judgment.

### C. Discovery is Therefore Routinely Prohibited in APA Cases Such as This

Based on the foregoing principles—and regardless of whether later supplementing the record with additional documents or information may be appropriate— courts invariably hold that discovery is ordinarily prohibited in APA cases and have granted motions protecting the

United States from discovery such as Plaintiffs have propounded here. In *Friends of the Earth*, for example, the Ninth Circuit held that, because the narrow exceptions to the record review rule did not apply "[t]he court below properly limited review to the administrative record." 800 F.2d at 829 (affirming order quashing discovery notices); *see also Colley v. James*, No. CV173125RGKJPRX, 2017 WL 10574252, at 2 (C.D. Cal. Aug. 11, 2017) (Because plaintiff's claim is based on the APA "discovery is not proper based on the general rule prohibiting it because Plaintiffs have not demonstrated any unusual circumstance" (motion for protective order granted)); *see also J.L. v. Cissna*, No. 18-CV-04914-NC, 2019 WL 2224851, at *1 (N.D. Cal. Mar. 8, 2019), and cases there cited.

In *Bark v. Northrop*, 2 F.Supp.3d 1147, 1150 (D. Or. 2014) the court agreed with defendants' argument that "plaintiffs' discovery requests are wholly inappropriate given the well-established rule that judicial review of APA claims is limited to the administrative record." *See id.* at 1152: "Moreover, district courts have granted motions for protective orders prohibiting discovery in APA proceedings" (citing *Int'l Jr. Coll. of Bus. & Tech., Inc. v. Duncan*, 937 F.Supp.2d 202, 206 (D.P.R. 2012), *Sierra Club v. U.S. Dep't of Energy*, 26 F.Supp.2d 1268, 1272 (D.Colo.1998), adopted by, 1998 WL 895927 (D.Colo.1998)). "In sum," the court in *Bark* concluded, "'the narrowness of the APA action for judicial review weighs heavily against discovery.'" (quoting *Int'l Jr. Coll. of Bus. & Tech.*, 937 F.Supp.2d at 205-06). As the same court noted more recently in *Backes v. Bernhardt*, No. 1:19-CV-00482-CL, 2020 WL 906313, at *2 (D. Or. Feb. 24, 2020), "discovery is not permitted in APA judicial proceedings, except in extraordinary circumstances" (citations omitted) and "[t]he Ninth Circuit has repeatedly rejected attempts by plaintiffs to obtain discovery in APA cases" (citing *Friends of the Earth*, 800 F.2d at 827-29, *Animal Def Council*, 840 F.2d 1432, 1436-37 (9th Cir. 1988), amended by 867 F.2d 1244 (9th Cir. 1989)).

Courts also invariably hold that a plaintiff seeking discovery in an APA case must meet a heavy burden of proving that one of the rare exceptions to the record review rule is present. As the Central District explained in *Liangcai Dai v. United States Citizenship & Immigr. Servs.*, No. CV1605381ABAFMX, 2017 WL 10574062 (C.D. Cal. Apr. 7, 2017):

> With regard to the APA claims, the Court finds that discovery relating to these claims is barred by the record rule. Only in "very unusual circumstances" does a district court go beyond the administrative record in an APA claim. *See American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 (D.D.C. 2001). Although the Ninth Circuit has delineated potential exceptions in which courts may permit extra-record evidence in APA cases — including a showing of agency bad faith — "these exceptions are narrowly construed and applied" so as to "not undermine the general rule." *Lands Council*, 395 F.3d at 1030. The standard for establishing the bad faith exception has been described as "significant," "strong," "substantial," or "prima facie." *See Amfac Resorts L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001). Here, Plaintiffs . . . have not met the high bar of showing a bad-faith exception to the record rule for their APA claims. *See San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Com'n*, 789 F.2d 26, 44 (9th Cir. 1986). Accordingly, the Court grants Defendants' motion for a protective order with regard to discovery under the APA claims.

2017 WL 10574062, at *2. So too the Northern District in *Galos v. Beers*, No. C-12-02902 DMR, 2014 WL 954751 (N.D. Cal. Mar. 6, 2014): ("As a court's review of an agency decision under the APA is limited to the administrative record, discovery generally is not permitted in such cases. . . . The Ninth Circuit has crafted four narrow exceptions to this rule. '[T]hese exceptions are narrowly construed and applied.' *Lands Council*, 395 F.3d at 1030."). 2014 WL 954751, at *2 (citing *McCrary v. Gutierrez*, 495 F.Supp.2d 1038, 1041 (N.D. Cal. 2007), *City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1116 (9th Cir. 2009), *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). Other courts agree. In *Cayuga Nation v. Bernhardt*, 374 F. Supp. 3d 1 (D.D.C. 2019), for example, the court denied Plaintiffs' request for discovery to supplement the Administrative Record. *See* 374 F. Supp. 3d at 27 ("Discovery is disfavored in APA cases, and before a court will grant a request for discovery in an APA case, the moving party must make 'a significant showing ... that [the plaintiff] will find material in the agency's possession indicative of bad faith or an incomplete record'" (quoting *Air Transp. Ass'n*

*of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487-88 (D.C. Cir. 2011)).

### D. As the Supreme Court and Ninth Circuit Have Recently Confirmed, Discovery is Particularly Inappropriate at This Stage in the Case Before the Administrative Record Has Even Been Filed

Plaintiffs face another obstacle: because the administrative record has not yet been filed, Plaintiffs cannot claim that it is somehow inadequate. *Cf. Am. Cargo Transp., Inc. v. United States*, No. C05-393JLR, 2006 WL 753236, at *2 (W.D. Wash. Mar. 22, 2006) ("Moreover, [plaintiff's] motion [to compel discovery] comes before the court without regard to the sufficiency of the administrative record.") The point was only recently confirmed by the Supreme Court in *Department of Commerce*, holding that – assuming extraordinary circumstances exist -- any extra-record discovery should only be ordered *after* the government produces the administrative record and it has been found wanting. In *Department of Commerce*, the District Court issued an order allowing discovery before the administrative record had been completed, and the Supreme Court held—and all eight Justices who reached the question agreed—that the district court abused its discretion in "order[ing] extra-record discovery when it did." 139 S. Ct. at 2574; *id.* at 2580 (Thomas, J., concurring in part and dissenting in part) (noting that "all Members of the Court who reach the question agree that the District Court abused its discretion in ordering extra-record discovery" when it did). "At that time, the most that was warranted was the order to complete the administrative record." *Id.* at 2574. As Judge Nelson concluded, concurring in *Ramos*:

> Whether the district court could have eventually justified ordering extra-record discovery under an exception to the APA's record-review requirement, like the district court did in *Department of Commerce*, is beside the point. At the time the district court ordered discovery—before the administrative record was even complete—the district court could not make such a determination. The district court therefore abused its discretion in "order[ing] extra-record discovery when it did." *Dep't of Commerce*, 139 S. Ct. at 2574.

*Ramos*, 975 F.3d at 901. *See also Galos v. Beers*, 2014 WL 954751 at *2 ("Moreover, for extra-

record material to be considered, a showing must first be made that the record is inadequate. *See Animal Def. Council v. Hodel*, 840 F.2d 1432, 1437 (9th Cir. 1988) ('The [plaintiff] makes no showing that the district court needed to go outside the administrative record to determine whether the [agency] ignored information')").

### E. The Proper Course Here is to Decide the Case on Dispositive Motions

The conventional procedure for deciding APA claims is on cross-motions for summary judgment. *Sequoia ForestKeeper v. Benson*, 108 F. Supp. 3d 917, 923 (E.D. Cal. 2015); *Env't Now! v. Espy*, 877 F. Supp. 1397, 1421 (E.D. Cal. 1994) (disagreed with on other grounds by *Inland Empire Pub. Lands Council v. U.S. Forest Serv.*, 88 F.3d 754, 760 n. 6 (9th Cir. 1996). Although denominated as summary judgment motions, Fed. R. Civ. P. 56 does not govern them. "A court conducting APA judicial review may not resolve factual questions, but instead determines 'whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'" *Sequoia ForestKeeper*, 108 F. Supp. 3d at 923 (quoting *Sierra Club v. Mainella*, 459 F.Supp.2d 76, 90 (D.D.C. 2006) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985))). "[I]n a case involving review of a final agency action under the [APA] ... the standard set forth in Rule 56[ (a) ] does not apply because of the limited role of a court in reviewing the administrative record." *Sequoia ForestKeeper*, 108 F. Supp. 3d at 923 (citation and internal quotation marks omitted). In this context, summary judgment becomes the "mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Id.*[3] See

---

[3] Local Rule 260(a) is also of limited application. The rule directs that each motion for summary judgment shall be accompanied by a "Statement of Undisputed Facts" enumerating each of the specific material facts on which the motion is based. "In APA cases, such statements are generally redundant because all relevant facts are contained in the agency's administrative record." *Sequoia ForestKeeper*, 108 F. Supp. 3d at 923 (citing *San Joaquin River Grp. Auth. v. Nat'l Marine Fisheries Serv.*, 819 F.Supp.2d 1077, 1083–84 (E.D. Cal. 2011)).

generally *Env't Now!*, 877 F. Supp. at 1421 (summarizing applicable standards of review, citing *Good Samaritan Hospital, Corvallis v. Mathews*, 609 F.2d 949, 951 (9th Cir.1979), *Blackfeet Tribe v. U.S. Department of Labor*, 808 F.2d 1355, 1357 (9th Cir.1987) and *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 847–48 (1984)). See also *Tkacz v. Duke*, 303 F. Supp. 3d 1052, 1056 (D. Nev. 2018), *aff'd sub nom. Tkacz v. Bogden*, 788 F. App'x 528 (9th Cir. 2019):

> In deciding a motion for summary judgment challenging a final agency action, the function of the reviewing court is to determine whether, as a matter of law, the evidence in the administrative record permitted the agency to make the decision it did. *Occidental Engineering Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). The standard of review set forth in Fed. R. Civ. P. 56 is not applicable, but instead, the entire case on review under the Administrative Procedure Act (APA) is a question of law. *Id*. at 770. Summary judgment involving review of agency action does not require fact-finding by the district court. Rather, the court's review is limited to the administrative record. *Northwest Motorcycle Ass'n. v. Dep't of Agriculture*, 18 F.3d 1468, 1472 (9th Cir. 1994).

### III.   CONCLUSION

Federal Defendants accordingly and respectfully request that the Court issue a protective order absolving Federal Defendants of any obligation to respond to the discovery propounded by Plaintiffs in this case, and set a schedule for briefing the case substantially as suggested at pages 2-3 above.

April 22, 2021.

JEAN E. WILLIAMS
Acting Assistant Attorney General

By: */s/Peter Kryn Dykema*
PETER KRYN DYKEMA
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0436
Fax: (202) 305-0506
Email: peter.dykema@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, this 22nd day of April, 2021, I cause the foregoing to be filed using the Court's electronic case filing system, which will cause all counsel of record to be served.

/s/ *Peter Kryn Dykema*
Peter Kryn Dylkema