UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIT RIVER TRIBE; NATIVE COALITION FOR MEDICINE LAKE HIGHLANDS DEFENSE; MOUNT SHASTA BIOREGIONAL ECOLOGY CENTER; and QUALITY ENVIRONMENT,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT; UNITED STATES DEPARTMENT OF THEINTERIOR; CALPINE CORPORATION; and CPN TELEPHONE FLAT, INC.,<br><br>Defendants. | No. 2:19-cv-02483 JAM AC<br><br><br>ORDER |

This case is before the court on cross-motions regarding discovery: defendant Bureau of Land Management and Department of Interior's motion for a protective order (ECF No. 85) is joined by defendants CPN Telephone Flat, Inc. and Calpine ("Calpine defendants"); the Calpine defendants separately move for a protective order (ECF No. 86); and plaintiffs bring a motion to compel (ECF No. 89). These discovery motions were referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1), and were taken under submission. ECF No. 92. The parties filed a comprehensive joint statement addressing all motions. ECF No. 93.

1

# I. Relevant Background

The parties submitted a stipulated summary of this case in their joint statement, ECF No. 29 at 2-3, which the court accepts and incorporates verbatim here for ease of reference.

This case is the third in a series of lawsuits through which Plaintiffs have challenged Federal Defendants' alleged failure to comply with their legal duties under the Geothermal Steam Act ("GSA"). 30 U.S.C. §§ 1001-1027. The first two lawsuits challenged two agency decisions in 1998 to continue or extend 28 geothermal leases in the Medicine Lake Highlands, a forested volcanic landscape in northeastern California that Plaintiffs assert is of deep spiritual and cultural significance to the Pit River Tribe and which are managed under the administrative jurisdiction of the U.S. Forest Service and the Bureau of Land Management. See Pit River Tribe v. U.S. Forest Serv. ("Pit River I"), 469 F.3d 768 (9th Cir. 2006) (holding that two GSA leases were unlawfully extended in violation of the National Environmental Policy Act and National Historic Preservation Act); Pit River Tribe v. Bureau of Land Mgmt. ("Pit River II"), 939 F.3d 962 (9th Cir. 2019) (holding that 26 leases were unlawfully continued under the GSA). In both cases, Plaintiffs challenged the legality of agency decisions for which Federal Defendants produced and lodged an administrative decision record.

The present case was originally filed on April 15, 2019 in the Northern District. After transfer to this Court in November 2019, see ECF No. 49, an Amended Complaint was filed in May 2020. Plaintiffs contend that they do not challenge an agency action; they allege that Federal Defendants are in ongoing violation of the GSA and its regulations by failing to terminate lease CACA 12372 in the Medicine Lake Highlands ("the Lease") – the only remaining lease, to Plaintiffs' knowledge, that has not been the subject of the prior Pit River suits – and the Glass Mountain Geothermal Unit to which it is committed. Specifically, Plaintiffs allege that lessee/unit operator Calpine Defendants have failed for many years to comply with the GSA's "diligent exploration" requirements and that Federal Defendants have failed to act on a mandatory legal obligation under the GSA and its implementing regulations to terminate the Lease and the Unit for noncompliance. See First Amended Complaint, ECF No. 63, at ¶¶ 55-83. Federal Defendants and Calpine Defendants deny Plaintiffs' description of their claims. Defendants also

deny Plaintiffs' factual allegations of noncompliance as well as Plaintiffs' characterization of the applicable regulatory duties and how they must be carried out. Federal Defendants' Answer, ECF No. 83, at ¶¶ 55-83; Calpine Defendants' Answer, ECF No. 83, at ¶¶ 55-83.

Defendants moved to dismiss Plaintiffs' claims on various grounds. On January 12, 2021, this Court entered an order resolving these motions ("Order"). The Court denied Defendants' motions to dismiss Plaintiffs' claims, concluding (among other things) that the First Amended Complaint adequately states a claim for relief under section 706(1) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). ECF No. 79 at 11-14. The Court granted Calpine's motion to dismiss the first prayer for relief in the First Amended Complaint, which sought a declaration that Calpine is not in compliance with legal requirements, on the grounds that "[t]he APA provides no right of action against a non-federal party." ECF No. 79, at 15-16. The Court denied Calpine's motion to dismiss the fifth prayer for relief, holding that Plaintiffs' fifth prayer does not assert any affirmative legal claim against the Calpine Defendants. Id. at 15-16.

## II.  Legal Standards

### A. Legal Standard on Motion to Compel

Under Rule 37(a), a party may move for an order compelling disclosure or discovery if "a party fails to produce documents . . . as requested under Fed. R. Civ. P. 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, "[t]he party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07CV200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). The party resisting discovery is "required to carry a heavy burden of showing" why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

### B. Legal Standard on Motion for a Protective Order

Under the Federal Rules of Civil Procedure, motions for protective orders are governed by Rule 26(c). District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart,

467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211-12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which is determined using a two-part test. In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011). First, the party must show "'that specific prejudice or harm will result' if the protective order is not granted." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citation and internal quotation marks omitted). "Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether...a protective order is necessary.'" In re Roman Catholic Archbishop, 661 F.3d at 424 (quoting Phillips, 307 F.3d at 1211).

### III. Analysis

The motions here turn on a single core issue: whether the special discovery exemption for "an action for review of an administrative record" in Fed. R. Civ. P. 26(a)(1)(B)(i) applies to an APA § 706(1) case challenging "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. 706(1).

Separately, the Calpine defendants claim that, although they are properly joined as parties to the lawsuit, they are shielded from discovery because plaintiffs do not seek relief directly against them.

A. Agency Inaction Cases Are Not Categorically Exempt from APA Discovery Limits

Rule 26 of the Federal Rules of Civil Procedure provides for mandatory initial disclosures and early discovery planning conferences in most civil cases. One specified exception to these requirements is for "action[s] for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(B)(i). Although plaintiffs seek relief under the Administrative Procedure Act, they argue that the Rule 26(a)(1)(B)(i) exemption does not apply because they challenge agency inaction under §706(1), rather than a final agency action supported by a defined administrative record. Accordingly, plaintiffs move to compel the initial disclosures generally required by Rule

4

26(a)(1). Defendants contend that while the administrative record may be supplemented if inadequate in a §706(1) case, Rule 26(a)(1)(B)(i) applies and discovery must begin with the administrative record. Defendants ask the court to adopt a schedule by which the administrative record in this case should be produced, and supplementations requested.

The statutory language of § 706(1) states that "the court shall review the whole record or those parts of it cited by a party . . ." when reviewing cases under that section. 5 U.S.C. § 706(1). The "whole record" language references the Administrative Record. See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985). Accordingly, the language of the APA itself establishes that inaction cases are actions that are, in the language of Rule 26(a)(1)(B)(i), "for review on an administrative record."

Where judicial review is based on an administrative record, reviewing courts are not forbidden to ever consider extraneous material. The Ninth Circuit has provided exceptions to the general rule limiting reviewing courts to the administrative record, such as "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotations omitted).

Plaintiffs here rely on cases in which the Ninth Circuit has recognized that §706(1) "failure to act" cases often require reviewing courts to broadly consider documents outside the administrative record. "[G]enerally judicial review of agency action is based on a set administrative record. However, 'when a court considers a claim that an agency has failed to act in violation of a legal obligation, review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record.'" San Francisco BayKeeper v. Whitman, 297 F.3d 877, 886 (9th Cir. 2002) (quoting Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000)). "The reason for this rule is that when a court is asked to review agency inaction before the agency has made a final decision, there is often no official statement of the agency's justification for its actions or inactions." Id.

Plaintiffs contend, in essence, that the reasoning of BayKeeper and Clearwater is inconsistent with application of Rule 26(a)(1)(B)(i).

Defendants argue BayKeeper and Clearwater are inapplicable to the issue of initial disclosures, as they stand only for the proposition that, in cases like this one that "do not present a definitive decision date there may not be a closure date for the administrative record," the record may be supplemented with recently-created documents. ECF No. 93 at 17-18. Defendants correctly point out that neither BayKeeper nor Clearwater dealt directly with compelling discovery or with initial disclosures, but instead addressed the question whether courts could properly rely on documents supplemental to the administrative record in making dispositive determinations. Id.; see San Francisco BayKeeper, 297 F.3d at 886; Friends of the Clearwater, 222 F.3d at 560.

Although the undersigned rejects the proposition that supplementation of the record in "failure to act" cases is limited to documents created after the closure of the administrative record, the court agrees with defendants that the rule of BayKeeper and Clearwater applies to supplementation and consideration of extra-record evidence on the merits, and not to the applicability of Rule 26(a). Although there is no binding authority on the question, the court is persuaded by the reasoning of a factually analogous case from the Western District of Washington. In Seattle Audubon Soc'y v. Norton, District Judge Robert Lasnik explained that while BayKeeper and Clearwater were examples of supplementation, they "are not manifestations of a precedential preference for unlimited discovery in unreasonable delay actions." No. C05-1835L, 2006 WL 1518895, at *3 (W.D. Wash. May 25, 2006). In Seattle Audubon, like the instant case, the plaintiffs were requesting initial disclosures and discovery in a §706(1) action where agency inaction was alleged. Id. As Judge Lasnik explained, denial of the motion to compel initial disclosures and early discovery "does not preclude the possibility of the use of [exceptions justifying supplementation of the record] in the instant action. Indeed, it seems clear that in cases where plaintiff complains of a failure to act, there is a greater chance that some extraneous piece of information might be necessary to shed light on the agency's inaction - there simply are more holes in the administrative record for the parties to identify and plug. . . . This

supplementation, however, is best pursued on a case-by-case basis, using the administrative record as the presumptive limitation of scope." Id.

Plaintiffs argue that Seattle Audubon was incorrectly decided, citing a footnote from a case in this District which states that a court is not limited to the four Lands Council exceptions for supplementation in a §706(1) case. See Firebaugh Canal Water Dist. v. United States, No. 1:88-CV-00634 OWW DL, 2010 WL 3702664, at *1, n.1 (E.D. Cal. Sept. 17, 2010). This footnote does not undermine the soundness of Seattle Audubon's conclusion with respect to initial disclosures and early discovery; indeed, Firebaugh was a supplementation case in which the administrative record had already been produced. The court agrees with Seattle Audubon and defendants that the administrative record is the presumptive starting point for discovery in this case. The Firebaugh footnote—like BayKeeper and Clearwater themselves—indicates that supplementation of the administrative record may be more liberally authorized in a §706(1) inaction case than in a case challenging an affirmative administrative decision, but that is not the issue presently before this court.

The parties have not briefed a proposed schedule for production of the administrative record and supplemental discovery as necessary. The court is confident that the parties will be able to stipulate a mutually agreeable production schedule. The parties are therefore ordered to do so and to file a copy of the stipulated schedule with the court.

### B. All Defendants are Subject to Party Discovery

The Calpine defendants argue that they are not subject to discovery because, though they are parties, no affirmative relief is sought against them. The court disagrees. In its January 12, 2021 Order, District Judge Mendez held nonfederal parties, such as Calpine, "may be named as defendants in APA actions for the 'sole purpose of making it possible to accord complete relief between those who are already parties' under the Federal Rules of Civil Procedure Rule 19, joinder of indispensable parties." ECF No. 79 at 15. The court clarified that "a plaintiff may not seek any affirmative relief against a nonfederal defendant joined under Rule 19 in APA actions." Id. Calpine defendants argue that because plaintiffs cannot seek affirmative relief against them, they are not required to participate in discovery. ECF No. 93 at 24. In the operative First

Amended Complaint, there are two prayers for relief including Calpine: (1) a declaration that Calpine is not in compliance with the requirements of the Geothermal Steam Act, its implementing regulations, the Lease, and the Unit Agreement and that such violations continue to this day; and (5) an injunction of any further activity in reliance on the Lease or Unit Agreement. ECF No. 63 at 19. The first prayer for relief was dismissed on Calpine defendants' motion to dismiss; the fifth was not because it did not seek affirmative relief against Calpine defendants. ECF No. 79 at 16.

The Calpine defendants rely on Rutman Wine Co. v. E. & J. Gallo Winery, in which the Ninth Circuit rejected a plaintiff's argument that it should be allowed to conduct discovery on a defendant that had been dismissed from the case prior to filing any amendment that might be allowed by the court. 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.") The obvious distinction between Rutman and this case is that the Rutman defendant had been dismissed and was no longer a party to the case. The Calpine defendants, in contrast, were not entirely successful in their motion to dismiss and remain parties. Accordingly, the rules applicable to parties apply to them.

The Calpine defendants argue that "[p]laintiffs have cited no case in which discovery was permitted against a non-federal defendant such as Calpine in an action brought against a federal agency under section 706(1) of the APA" but neither have Calpine defendants cited any caselaw in which discovery was precluded against an active defendant in a case because the defendant remained a party technical grounds. ECF No. 93 at 25. As the parties resisting discovery, Calpine defendants have the burden to show discovery must be precluded. They have not met this burden.

As a secondary matter, Calpine defendants request that, in the event the court requires them to participate in discovery, that discovery be limited to matters after "June 1, 2007: the date BLM's revised Geothermal Steam Act regulations went into effect. See Geothermal Resource Leasing and Geothermal Resources Unit Agreements: Final Rule, 72 Fed. Reg. 24358-24446 (2007)." ECF No. 93 at 26. Defendants assert that because the "lease and unit diligence

8

requirements only came into effect on June 1, 2007, any information or documents prior to this date cannot be relevant to Plaintiffs' claims." Id. Plaintiffs counter that "the 2007 revision to the geothermal leasing regulations did not change Federal Defendants' substantive legal duty to cancel the Lease. Like the current regulations in 43 C.F.R. § 3207.15 (2019), the prior regulations contained detailed provisions implementing the GSA's statutory 'diligent exploration' requirements. See 43 C.F.R. §§ 3210.13-14 (1998)." Id. at 15. Plaintiffs allege that defendants are guilty of "decades of noncompliance," and they reasonably narrowed their discovery requests to January 1, 2003 through the present based on "the last known activity related to the Lease – Federal Defendants' approval on November 26, 2002 of a power plant project that Calpine never acted upon." Id.

The court agrees that based on plaintiffs' failure to act allegations, information regarding long-term noncompliance is both relevant and proportional. The limitation of 2003 to present is reasonable. The court will not limit discovery to post-June 2007.

## IV. Conclusion

The motion for a protective order (ECF No. 85) by Bureau of Land Management and Department of the Interior is GRANTED and plaintiff's motion to compel (ECF No. 89) is DENIED as to the issues of initial disclosures and early discovery. The parties are ORDERED to stipulate to a discovery schedule to produce the administrative record and any necessary supplements. The parties shall file the stipulation with the court within 15 days of this order.

The motion for a protective order (ECF No. 86) by CPN Telephone Flat, Inc., Calpine Corporation is DENIED as to their requests to be excluded from the discovery process and to limit discovery to post-June 2007.

IT IS SO ORDERED.

DATED: June 7, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE