UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIT RIVER TRIBE; NATIVE COALITION FOR MEDICINE LAKE HIGHLANDS DEFENSE; MOUNT SHASTA BIOREGIONAL ECOLOGY CENTER; and MEDICINE LAKE CITIZENS FOR QUALITY ENVIRONMENT,<br><br>    Plaintiffs,<br><br>  v.<br><br>BUREAU OF LAND MANAGEMENT; UNITED STATES DEPARTMENT OF THE INTERIOR; CALPINE CORPORATION; and CPN TELEPHONE FLAT, INC.,<br><br>    Defendants. | No.  2:19-cv-02483-JAM-AC<br><br>**ORDER GRANTING DEFENDANT CALPINE'S MOTION FOR RECONSIDERATION** |

Before this Court is Defendant Calpine's request for reconsideration ("Mot."), ECF No. 96, of the Magistrate Judge's ruling denying Calpine's motion for protective order ("Order"), ECF No. 95.  Calpine requests the Court overrule that portion of the Magistrate Judges ruling and grant the motion for protective

1

order. For the reasons stated below the Court GRANTS Calpine's request.[1]

# I. OPINION

## A. Legal Standard

When reviewing a party's objection to a non-dispositive pretrial ruling by a magistrate judge, the district court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The district court reviews the magistrate's factual determinations and discretionary decisions under the "clearly erroneous" standard, while the "contrary to law" standard "allows independent plenary review of purely legal determinations by the magistrate judge." Sung Gon Kang v. Bureau Connection, Inc., 18-cv-01359-AWI-SKO, 2020 WL 2539292 at *5 (May 19, 2020).

## B. Analysis

The statutory language of § 706(1) states that "the court shall review the whole record or those parts of it cited by a party [. . .]" when reviewing cases under that section. 5 U.S.C. § 706(1). The "whole record" language references the administrative record. See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985).

Review of the Government's actions, or inaction, is limited to the administrative record compiled by the agency, subject to some exceptions. See Seattle Aubudon Society v. Norton, No.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 24, 2021.

2

C05-1835L, 2006 WL 1518895 at *3 (W.D. Wash. May 25, 2006) (noting the administrative record is a presumptive limitation of scope for discovery in a 706(1) action). Plaintiffs have failed to convince this Court that any exceptions should be applied here.  Thus, any discovery from Calpine is unwarranted and unnecessary.  Accordingly, the Court GRANTS Calpine's request for a protective order and reverses the Magistrate Judge's ruling on the issue.

## II.   ORDER

For the reasons set forth above, the Court GRANTS Calpine's Motion for Reconsideration.

IT IS SO ORDERED.

Dated: October 7, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3