UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIT RIVER TRIBE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT, et al.,<br><br>Defendants. | No. 2:19-cv-02483-DAD-AC<br><br>ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S JUNE 1, 2022 DISCOVERY ORDER<br><br>(Doc. No. 124) |

This matter is before the court on the request for reconsideration of the assigned magistrate judge's discovery order of June 1, 2022 (Doc. No. 121) filed on behalf of defendants Bureau of Land Management ("BLM") and Department of the Interior (collectively, "the federal defendants"). (Doc. No. 124.) On June 28, 2022, plaintiffs filed an opposition to the pending request for reconsideration. (Doc. No. 125.) For the reasons explained below, the federal defendants' request for reconsideration will be denied.

**BACKGROUND**

This action for declaratory judgment and injunctive relief arises under the Administrative Procedures Act ("APA") and challenges geothermal exploration and development leases issued by the federal defendants to leaseholders Calpine Corporation and CPN Telephone Flat, Inc. (collectively, "the Calpine defendants") pursuant to the Geothermal Steam Act (the "Steam Act"). (Doc. No. 63.) The leases are located in the Medicine Lake Highlands, which are the sacred

1

ancestral lands of plaintiff Pit River Tribe, a federally recognized sovereign Indian Tribe. (*Id.*) The three other plaintiffs are non-profit organizations that have an interest in preserving the cultural, spiritual, and environmental values in these sacred lands. Plaintiffs allege that they "have an interest in the orderly and lawful administration of geothermal resources in the Medicine Lake Highlands area, including the timely review and termination of leases and other agreements relating to lands that cannot be or are not being used to produce geothermal steam." (*Id.* at ¶ 11.)

The challenged leases were issued in the early 1980s with 10-year terms, during which leaseholders were required to diligently explore the commercial viability of the subsurface geothermal resource. (Doc. No. 125 at 6.) The leases were extended in the early 1990s for an additional five years, as authorized by the Steam Act, during which time one lease that was issued to the Calpine defendants was found to be potentially productive. (*Id.*) As a result, and pursuant to the Steam Act, defendant BLM extended that one lease "for so long as the operator is making diligent efforts to commence production or utilization of geothermal resources in commercial quantities," but not to exceed 40 years after the end of the initial lease term. (*Id.*) Pursuant to the federal regulations implementing the Steam Act, a leaseholder with this type of "production extension" must "demonstrate on an annual basis" that it is "making diligent efforts toward utilization of the resource." (*Id.*) (quoting 43 C.F.R. § 3207.15(c)).

The gravamen of plaintiffs' claims in this action is that during the last 15–20 years, the leaseholder of the extended lease (the Calpine defendants) have not made any efforts, let alone diligent efforts, to explore or commence commercial production, and the federal defendants have failed to comply with their legal duty under the Steam Act to terminate the Calpine defendants' lease. (*Id.* at 6–7; Doc. No. 121 at 2.) Based on this allegedly unlawful agency *inaction*, plaintiffs assert "failure-to-act" claims under § 706(1) of the APA. (Doc. No. 121 at 2, n.1.) In their answers to the operative first amended complaint, defendants deny plaintiffs' claims and assert various affirmative defenses. (Doc. Nos. 80, 83.)

Plaintiffs sought limited discovery from defendant to ascertain the basis for their denials of liability and affirmative defenses, but the parties disputed whether civil discovery is permitted in this APA action or whether review in this case is limited to a review of the administrative

record. This dispute led defendants to file separate motions for a protective order and led plaintiffs to file motions to compel discovery responses. (*See* Doc. No. 121 at 2–3.) On June 8, 2021, the assigned magistrate judge issued an order granting the federal defendants' motion for a protective order and denying plaintiffs' motion to compel as to "initial disclosures and early discovery" because "the administrative record is the presumptive starting point for discovery" in this § 706(1) failure-to-act case, and the parties had "not briefed a proposed schedule for production of the administrative record and supplemental discovery as necessary." (Doc. No. 95 at 7, 9.) Thus, the parties were ordered to file a stipulation regarding "a discovery schedule to produce the administrative record and any necessary supplements." (*Id.* at 9.)[1]

On June 23, 2021, the parties filed a stipulated schedule under which BLM would lodge the administrative record with the court by July 14, 2021. (Doc. No. 99.) That stipulation also states:

> August 4, 2021: Plaintiffs and the Calpine defendants notify BLM if either party requests that the administrative record be supplemented, if either party is seeking the admission of evidence not included in the administrative record, or if either party intends to pursue discovery in connection with the merits of plaintiffs' claims.

(*Id.*) The parties' stipulation also provided a one-week period commencing August 4, 2021 "for the parties to use their good faith efforts to resolve any dispute regarding the completeness of the administrative record, to resolve any disputes regarding the admission of evidence not included in the administrative record, or pursuit of discovery." (*Id.*) The parties further stipulated that as to disagreements they could not resolve on their own, they would propose a briefing schedule for submitting their disagreement to the court for resolution. (*Id.*) Pursuant to this schedule, the federal defendants filed a notice of lodging of the administrative record on July 14, 2021. (Doc. No. 100.) Thereafter, even though the August 4, 2021 deadline and one-week period had passed, the parties filed four revised stipulated schedules to extend the period for the use of their good faith efforts, with the final stipulation providing for a December 3, 2021 deadline. (Doc. No.

---

[1] The June 8, 2021 discovery order also denied the Calpine defendants' motion for a protective order, but that part of the magistrate judge's order was overruled by the then-assigned district judge in an order granting the Calpine defendants' request for reconsideration. (Doc. Nos. 95, 96, 110.)

3

112.) Within that extend timeframe, the Calpine defendants submitted documents to the federal defendants' for their consideration in supplementing the administrative record; plaintiffs did not submit any documents to the federal defendants for this purpose. (*See* Doc. No. 121 at 3.) On February 25, 2022, the federal defendants filed a notice of lodging of the supplemented administrative record. (Doc. No. 113.)

After reviewing the supplemented administrative record ("the SAR"), plaintiffs "believe[d] that some limited discovery is warranted and necessary," and they "prepared targeted and limited interrogatories to commence that necessary discovery process," but defendants expressed their unwillingness "to entertain any discovery." (Doc. No. 116 at 3–4.) Thus, on April 20, 2022, plaintiffs filed a motion to compel the federal defendants to respond to their proposed interrogatories, which were attached as an exhibit to their motion. (Doc. No. 116.)

On June 1, 2022, the assigned magistrate judge issued an order granting plaintiffs' motion to compel discovery, explaining that in "agency inaction cases," "case-specific circumstances may [] warrant consideration of evidence outside the administrative record," such as "where the requested information is necessary to fairly adjudicate an issued presented in the case." (Doc. No. 121 at 7–8.) The magistrate judge found that plaintiffs had described in detail the gaps in the SAR and "the need for gap filling," whereas the federal defendants had "not shown that the information sought would not be relevant in the ways identified by plaintiffs, nor demonstrated that the [SAR] includes the requested information." (*Id.* at 10, 11.) The magistrate judge concluded that "[o]n the facts of this case, limited discovery outside the administrative record is appropriate and may go forward." (*Id.* at 11.)

On June 22, 2022, the federal defendants filed the pending request for reconsideration of the magistrate judge's June 1, 2022 order. (Doc. No. 124.) On June 28, 2022, plaintiffs filed an opposition to the federal defendants' request for reconsideration. (Doc. No. 125.)[2]

/////

/////

---

[2] On August 25, 2022, this case was re-assigned to the undersigned. (Doc. No. 126.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

Pursuant to Local Rule 303(c):

> A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."

L.R. 303(c). The Local Rules further provide that "the standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C.

§ 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

## DISCUSSION

In their request for reconsideration, the federal defendants argue that the magistrate judge committed four clear errors in the June 1, 2022 order. (Doc. No. 124 at 2.) The undersigned will address each of the alleged errors in turn, though the latter three are related.

**A.     Whether the Magistrate Judge Erred in Overlooking Plaintiffs' Failure to Timely Pursue Discovery by the Deadline Set in the Parties' Stipulated Schedule**

In opposing plaintiffs' motion to compel discovery, the federal defendants had argued that plaintiffs had waived the ability to pursue discovery because they had not sought discovery nor filed their motion until April 20, 2022—eight months after the August 4, 2021 deadline set forth in the parties' stipulated schedule. (Doc. No. 120 at 23–25.) Specifically, the federal defendants pointed to the provision in the stipulation that lists: "August 4, 2021: Plaintiffs and the Calpine defendants notify BLM . . . if either party intends to pursue discovery in connection with the merits of plaintiffs' claims." (Doc. No. 99.) According to the federal defendants' interpretation of the stipulation, plaintiffs waived any ability to pursue discovery by not notifying them by August 4, 2021 of their intention to do so. (Doc. No. 120 at 23–25.) The magistrate judge did not agree with the federal defendants' interpretation and found "the stipulation's language to be too ambiguous to support [their] waiver and untimeliness arguments." (Doc. No. 121 at 4.) In particular, the magistrate judge concluded that when reading the paragraphs of the stipulation together, especially the "good faith efforts" provision setting a December 3, 2021 deadline, the stipulation "could be read to establish a December 3, 2021 deadline for negotiations between the parties, but not necessarily a deadline for court intervention." (*Id.*) Thus, the magistrate judge did "not find waiver in this case because it is not sufficiently clear that the December 3, 2021 deadline was intended to prevent later motions—especially motions brought following [the] supplementation of the administrative record [on February 25, 2022]." (*Id.*)

In their request for reconsideration, the federal defendants argue that "in deciding not to enforce the parties' duly-filed stipulations limiting plaintiffs' ability to seek discovery[,] the magistrate judge overlooked those stipulations' unambiguous language regarding timing and

process." (Doc. No. 124 at 2.)  The federal defendants interpret the stipulation's language as a "plain and unmistakable requirement that intent to seek discovery be raised by a date certain—August 4, 2021." (*Id.* at 5.)  However, in the undersigned's view, even as to this provision, the language of the stipulation is ambiguous:  it is not clear that the August 4, 2021 was a hard deadline with timeliness/waiver consequences, as opposed to a date that the parties anticipated notifying BLM of their intentions.  Indeed, after August 4, 2021, the parties filed four revised stipulations, containing the same provisions as their initial stipulation and revising only the ending date of the period for their "good faith efforts," with the final stipulation filed on October 29, 2021 stating:

> August 4 - December 3, 2021:  Period for the parties to use their good faith efforts to resolve any dispute regarding the completeness of the administrative record, to resolve any disputes regarding the admission of evidence not included in the administrative record, *or pursuit of discovery*.

(Doc. No. 112) (emphasis added).  The federal defendants' present position—that plaintiffs had waived their ability to pursue discovery as of August 4, 2021—is not consistent with their several revised stipulations, which were filed after that date and specifically provided a "period for the parties to use their good faith efforts . . . [sic] pursuit discovery." (*Id.*)  Thus, the undersigned is not persuaded that the magistrate judge erred in rejecting the federal defendants' waiver argument.

**B.  Whether the Magistrate Judge Erred by Ignoring the Federal Defendants' Description of the SAR's Contents and Concluding Discovery is Needed to Fill Gaps**

In the June 1, 2022 order, the magistrate judge noted that plaintiffs' proposed interrogatories seek details regarding the challenged lease and request that the federal defendants specify "the factual bases for the Answer's denials of the Complaint's specific allegations." (Doc. No. 121 at 10.)  The magistrate judge emphasized that, in opposing plaintiff's motion to compel, the federal defendants did "not directly address the contents of the proposed interrogatories or make any argument as to why the administrative record is sufficient to address the issues raised in the proposed interrogatories." (*Id.*)

/////

7

1    In their request for reconsideration, the federal defendants argue that the magistrate judge clearly erred by focusing on whether the SAR addresses the issues raised in plaintiffs' interrogatories, as opposed to plaintiffs' complaint. (Doc. No. 124 at 7–8.) According to the federal defendants, the SAR is sufficient to address plaintiff's complaint because it contains documentation and evidence of various actions taken by defendant BLM regarding inspections and maintenance activities, i.e., documentation that shows that "BLM has, in fact, taken agency action" (*Id.*) The federal defendants' efforts to reframe this APA case as one brought under § 706(2) to challenge agency *action*, as opposed to agency *inaction*, is not well taken. As the magistrate judge thoroughly explained, and as plaintiffs emphasize in their opposition to the pending request for reconsideration, plaintiffs' claims do not challenge BLM's routine administrative and maintenance activities. (Doc. Nos. 121 at 9–11; 125 at 12–17.) Contrary to the federal defendants' assertion, the magistrate judge did not "ignore" the federal defendants' descriptions of the documentation of these activities; rather, the magistrate judge correctly concluded that such documentation did not sufficiently address the issues raised by plaintiffs in this case in which they allege a failure-to-act. The fact that the SAR includes documentation of such routine activities does not address the gaps identified by plaintiffs with regard to BLM's legal duty to terminate the Calpine defendants' lease due to their alleged failure to make diligent efforts to explore or commence commercial production as required by the Steam Act. Accordingly, the magistrate judge did not err in concluding that plaintiffs had identified gaps in the record and that the information requested in plaintiffs' proposed interrogatories "may well be necessary to fair adjudication of the issues presented in this case." (Doc. No. 121 at 11.)

**C.    Whether the Magistrate Judge Erred in Concluding that Plaintiffs had Demonstrated Inadequacies in the SAR Sufficient to Justify Permitting Discovery**

In their request for reconsideration, the federal defendants point to a few examples from the SAR that they contend are adequate to fill the alleged "gaps" identified by plaintiffs (i.e., that there are no gaps in the SAR justifying discovery, and the documents in the SAR are sufficiently comprehensible on their own). (Doc. No. 124 at 10–13.) However, as plaintiffs readily point out in their opposition to the pending request for reconsideration, each of those examples documents

exploration activity from more than 15–20 years ago (e.g., BLM letter dated February 13, 1989, and BLM memorandum dated February 5, 1992), and therefore do not serve as evidence of the federal defendants oversight efforts or the Calpine defendants' annual diligence efforts taken in the last 15 years, which is the time period at issue in this case. (Doc. Nos. 125 at 15–16, 19–22; 124 at 11–13). As noted above, the crux of plaintiffs' claims is that since 1995, defendants have made no annual diligent efforts toward utilization of the geothermal resource on the lease as required by the Steam Act. In their answer to the operative complaint, defendants deny plaintiffs' claims and allegations, thereby suggesting that defendants' position is that annual diligent efforts have in fact been made during this time period. Yet, the federal defendants were unable to point to any documents in the SAR purporting to show any such efforts undertaken during that time. Thus, the magistrate judge did not err in finding that these gaps justify allowing plaintiff to serve their proposed interrogatories to probe the factual basis for defendants' denials and affirmative defenses.

**D.  Whether the Magistrate Judge Erred by Misapplying the Exceptions to the Rule that Review is Limited to the Administrative Record in APA Cases**

Lastly, and relatedly, the federal defendants argue that the magistrate judge erred in allowing discovery because "[a]gency actions reviewed under the APA, such as this one 'are to be judged on the agency record alone, without discovery'"—the so-called "record review rule." (Doc. No. 124 at 14–15.) Yet again, however, the federal defendants' attempt to recast this case as a § 706(2) agency *action* case, as opposed to a § 706(1) agency *inaction* case, is not persuasive or well taken. Moreover, although the federal defendants argue that the record review rule still governs even in agency inaction cases unless a narrow exception to the rule applies (*id.* at 15), this argument is unavailing because the magistrate judge did find that such an exception applies in this case. As explained above, the magistrate judge's finding in this regard was not erroneous. The undersigned also agrees with the magistrate judge's observation that in an agency inaction case like this, the justification for permitting discovery is even stronger because "the administrative record is more likely to be inadequate to a determination on the merits," and indeed, plaintiffs here have made this detailed showing.

9

In sum, the magistrate judge correctly concluded that even though review in APA cases is ordinarily constrained by the administrative record, "[o]n the facts of this case, limited discovery outside the administrative record is appropriate any may go forward." (Doc. No. 121 at 11.) The undersigned has reviewed the magistrate judge's June 1, 2022 order and finds the order to be supported by applicable law and to certainly not be clearly erroneous. Accordingly, the court will deny the federal defendants' request for reconsideration.

**CONCLUSION**

For the reasons set forth above,

1. The federal defendants' request for reconsideration of the magistrate judge's order dated June 1, 2022 (Doc. No. 124) is denied;
2. Plaintiffs' motion to compel discovery (Doc. No. 116) is granted;
3. Plaintiffs' proposed interrogatories are deemed served as of the date of entry of this order; and
4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **March 7, 2023**                    /s/ Dale A. Drozd
                                             UNITED STATES DISTRICT JUDGE